UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| T. Terell Bryan, #254638, *aka* Terence Bryan, *aka* Terence Terell Bryan, <br><br>              Plaintiff, <br><br>vs. <br><br>Matthew J. Friedman, and <br>Mylinda D. Nettles, <br><br>              Defendant. | ) C/A No. 4:08-3538-TLW-TER <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently housed at Perry Correctional Institution in Pelzer, South Carolina.

**Factual Background**

In the Complaint filed in this case, Plaintiff claims that Defendants, an Assistant Attorney General and the Clerk of Court for Hampton County, refused to provide him with documents relating to some Grand Jury inquiry that apparently took place in Hampton County at some point in the past. Plaintiff does not provide case names or case numbers relative to any criminal case he is involved in, but he claims that at undisclosed times in 2008 he made a "diligent effort on several occassions [sic] to obtain . . . the Grand Jury's materials . . . ." He claims he "needed these materials in preparation of his prosecution of his *criminal* case" (emphasis added), and that Defendants' "refusal

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

did cause Plaintiff special damages of not being able to prove his claims." He does not ask for nominal, compensatory, or punitive damages from Defendants, but instead appears only to seek an order from this Court directing Defendants to produce the Grand Jury documents. (Entry 1, Complaint 2).

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

Although the Court is considering Plaintiff's Complaint under 42 U.S.C. § 1983, the only relief which he requests requires the Court to construe it as being in the nature of mandamus action because he asks this Court to order the Defendants to provide him documents from some undisclosed state criminal case. *See Black's Law Dictionary* (8th ed. 2004) (mandamus:"A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."). Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir. Oct 24, 1986)(unpublished opinion)(same).

In *Gurley*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were

to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587.  Since both Defendants in this case are South Carolina state or county employees/officials, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against either of them directing them to provide anything to Plaintiff.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).  In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]"  851 F.2d at 74; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985).  In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal.  *See Craigo*, 624 F. Supp. at 414; *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990).  The same is true of the Complaint filed in this case: it is frivolous and falls outside this Court's subject-matter jurisdiction because it seeks only relief that this Court cannot grant against the named Defendants.

Moreover, even if Plaintiff's sparse and conclusory allegations could be liberally interpreted as seeking damages from Defendants for their refusal to provide him with the state-court related documents he seeks, this case would still be subject to summary dismissal for frivolity because both Defendants are entitled to absolute immunity from such claims.  Defendant Friedman is an Assistant Attorney General, or, in other words, a prosecutor for the state of South Carolina.  In refusing to provide the requested documents to Plaintiff, Friedman was engaging in clearly prosecutorial duties of deciding how to conduct the criminal case in which the Grand Jury documents were prepared.

As such, Plaintiff cannot state a viable § 1983 claim against him because the doctrine of absolute prosecutorial immunity shields Friedman from such claims. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Ore., June 15, 1995). Additionally, Defendant Nettles is protected from such claims by the doctrine of quasi-judicial immunity because she was performing duties of document collection, preservation, and storage delegated to her by the trial judges in Hampton County when she refused Plaintiff's requests. *See Cook v. Smith*, 812 F. Supp. 561, 562(E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981); *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)(Defendants, a judge, court reporter, and circuit court clerk were all acting in the discharge of their official responsibilities and as such "they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.")

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Furthermore, this case is frivolous due to the lack of subject-matter jurisdiction over the claims asserted therein, and some federal courts have held that a dismissal for frivolity of an action seeking mandamus constitutes a strike. *See In re Jacobs*, 213 F.3d 289, 291 (5th Cir. 2000); *McCauley v. Texas*, No. 6:07CV62, 2007 WL 1848046 (E.D. Tex. June 25, 2007). Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C.

§ 1915(g).

    Plaintiff's attention is directed to the important notice on the next page.

<u>s/Thomas E. Rogers, III</u><br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

December <u>10</u>, 2008<br>
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).